# *Ex parte* Reynolds.

*Application for Habeas Corpus and Certiorari.*

1. *Title and subject-matter of laws, under constitutional provisions; act amending charter of Anniston.*—The act approved February 14th, 1887, entitled "An act to amend section 3 of an act entitled 'An act to incorporate the town of Anniston, Calhoun county,' approved February 4, 1879" (Sess. Acts 1886–87, pp. 307–32), is violative of the constitutional provision which declares, "Each law shall contain but one subject,

VOL. LXXXVII.

[Ex parte Reynolds.]

which shall be clearly expressed in the title" (Art. IV, § 2), because it contains more than one subject, and because no one of its subjects is clearly expressed in its title.

2. *Prohibiting sale of spirituous liquors in Anniston; local option; judicial notice of election.*—The provision contained in the charter of Anniston, giving the authority to "license, tax and regulate grocers, merchants, retailers," &c. (Sess. Acts 1888-9, p. 612, § 7, subd. 10), does not confer the power to prohibit the sale of spirituous liquors within the corporate limits; and if the power be conferred by the further provision empowering the municipal government to provide for the punishment of "any offense punishable by the laws of the State of Alabama" (subd. 22, § 7), it must be shown that the sale of liquor there is prohibited by law, since Calhoun county is governed by a "local option" law, and the court can not take judicial notice of the result of an election held under that law.

3. *Sentence to hard labor, under municipal ordinance.*—A sentence to hard labor, imposed by a municipal court, which has power to punish only by fine or imprisonment, is illegal and void, and the defendant is entitled to be discharged on *habeas corpus*.

APPLICATION by petition on behalf of Jeff. Reynolds, for the writs of *habeas corpus* and *certiorari*, to procure his discharge from the town marshal of Anniston, after a discharge had been refused by the City Court of Anniston, Hon. W. F. JOHNSTON presiding: The exhibits to the petition show that the petitioner was, on the 8th May, 1889, convicted of "violating prohibition ordinance," and sentenced to "thirty days on the streets." On the hearing before Judge JOHNSTON, two municipal ordinances. were read in evidence, prohibiting the sale of spirituous liquors within the corporate limits of Anniston, and punishing such sale by fine, imprisonment, or hard labor. One of these ordinances was dated May 27, 1887; and the other, March 8th, 1889. The several statutes relating to the charter of Anniston, or the material parts thereof, are cited and stated in the opinion of the court. They may be found in the Sessions Acts as cited, and are too long for insertion in this report.

MACDONALD & WILLIAMS, for the petitioner.—(1.) The act approved February 14, 1887, purporting to amend the charter of Anniston, is a nullity, being in palpable violation of the constitutional provision as to the title and subject-matter of statutes.—*Ballentyne v. Wickersham*, 75 Ala. 533; *Medical College v. Muldon*, 46 Ala. 603. (2.) If this act ever had any force or validity at all, it was repealed by the later amendatory act of February 23d, 1889, which only confers the power to "license, tax, and regulate;" and this does not include the power to prohibit.—*Miller v. Jones*, 80 Ala. 89. (3.) If the municipal authorities of Anniston have any

power to punish for an offense against the State laws relating to the sale of liquors, it can avail nothing in this case, because it is not shown that Calhoun is a "prohibition" county; and if an election has ever been held, and resulted in favor of prohibition, this court can not take judicial notice of the fact. (4.) The power to punish by fine, or imprisonment, does not give the power to punish by hard labor. (5.) The violation of a municipal ordinance is not a "crime," as the word is used in constitutional provisions.—*Posey's case*, 36 Ala. 252; 5 Vroom, N. J. Law, 367.

AGEE & MICOU, *contra.*—The amendatory charter of February 14th, 1887, confers express authority to "license, tax, regulate or prohibit traffic in vinous, malt, or spirituous liquors."—Sess. Acts 1886-7, par. 13, subd. 11. If other parts of that statute be unconstitutional, because not included in the title, they may be rejected.—*Pollard v. Wood*, 40 Ala. 77. This provision is not repealed by the later charter of February 23, 1889, because not inconsistent with it; and repeals by implication are never favored. Aside from these provisions, the sale of liquor in Calhoun county is prohibited by law, and this court must take notice of the result of the election, as of any other historical fact.—*Ashley v. Martin*, 50 Ala. 537; *Lewis v. Burton*, 74 Ala. 317.

STONE, C. J.—The City Council of Anniston, by an ordinance adopted March 8, 1889, prohibited the sale of intoxicants within the police jurisdiction of that city. The penalty prescribed for its violation is a fine of not less than one, nor exceeding one hundred dollars, or imprisonment or hard labor on the streets, for a term not exceeding six months. Petitioner was convicted under this ordinance, and sentenced to thirty days hard labor on the streets. Contending that the sentence was illegal, petitioner sued out a writ of *habeas corpus*, returnable to the City Court of Anniston. That court adjudged the sentence to be lawful, and remanded the petitioner to the custody of the city authorities. Thereupon petitioner applied to this court for appellate *habeas corpus*, and for a review of the City Court's ruling.

The city of Anniston appeared by counsel, and contests the discharge. It is admitted that the petition truly sets forth the facts, and it is both consented and desired that we consider and determine the merits of the application, without the issue of the preliminary writ.

[Ex parte Reynolds.]

The act "to incorporate the town of Anniston, Calhoun county, Alabama," was approved February 4, 1879.—Sess. Acts, 353. It consists of eight sections, and conforms in the main to the usual routine observed in the incorporation of towns by special enactment. Section 1 gives the dimensions of the town. Section 2 provides for holding elections. Section 3 prescribes the oath of office, constitutes the intendant and councilmen a body corporate, with authority to sue and be sued—the intendant to preside and preserve order and decorum at all meetings of the council; and empowers the corporation "in general to do and perform all acts which are incident to bodies corporate, and to purchase, hold and dispose of, for the benefit of said town, real, personal and mixed property, to the value of twenty thousand dollars." We have now summarized all the powers conferred by the third section. All other powers usually granted to municipal corporations are granted in the other sections of the statute. Among these are the power to open, improve and light the streets; to levy taxes; to prevent nuisances; to establish a police, jail, or guard-house; to impose and provide for inflicting punishment; to grant occupation licenses; to regulate places of amusement, and to preserve the good order and quiet of the town by appropriate ordinances and their enforcement. We have only glanced at the powers conferred by sections 4 to 8, inclusive. To be fully understood, they must be read.

The act with the title "To amend section 3 of an act entitled 'An act to incorporate the town of Anniston, Calhoun county, Alabama,' approved February 4, 1879," was approved February 14, 1887.—Sess. Acts, pp. 307 to 332. Under this caption, or title, will be found a most elaborate statute, changing the name of the corporation to that of "The Mayor and City Council of Anniston." It then proceeds to enumerate and confer all the powers deemed necessary to a full-rigged city government, with great fullness and particularity of detail. It not only specifies and confers all the powers which the entire act of February 4, 1879, had conferred, but it enumerates and grants many other powers necessary to a well appointed city government. It then expressly repeals sections 4, 5, 6, 7, and 8, of the act approved February 4, 1879. This act also must be read to be understood.

Our constitution, Article IV, section 2, declares that "Each law shall contain but one subject, which shall be clearly expressed in the title." The title of the present enactment is

to amend section 3 of the act approved February 4, 1879. No one reading that section would have the slightest intimation of one tenth of the provisions contained in the act approved February 14, 1887. And, in addition to this, the later enactment repeals the last five sections of the older statute. It thus violates each of the provisions of the constitutional clause copied above. It contains more subjects than one, and neither of the subjects of which it treats is sufficiently expressed in the title, if indeed it is expressed at all. In *Ballentyne v. Wickersham*, 75 Ala. 533, we considered this subject so fully, that we consider it unnecessary to reproduce the argument.—*Chiles v. Monroe*, 4 Metc. 72; *State v. Harrison*, 11 La. An. 122; *Dorsey's Appeal*, 72 Pa. St. 192; *People v. Allen*, 42 N. Y. 404.

The attempted enactment of February 14, 1887, being unconstitutional, can exert no influence whatever in the decision of this case. It not only failed to confer the power it assumed to confer, but it failed to repeal any part of the act of February 4, 1879. We must, then, decide this case as if the act of February 14, 1887, had never been attempted to be enacted.

The authority of the city government of the city of Anniston to prohibit the sale of intoxicants must, then, be determined by the act approved February 23, 1889.—Sess. Acts, 601 to 624. It is not contended that act is unconstitutional; and if such contention were made, we discover nothing in the statute to authorize us to question its constitutionality. Subdivision 10 of section 7 of that act—p. 612—is the only provision which bears directly on this question. It confers the power to "license, tax and regulate grocers, merchants, retailers," &c., but it confers no power to prohibit the sale of liquors.—*Miller v. Jones*, 80 Ala. 89.

It is contended, in opposition to relief, that subdivision 22 of section 7 supplies the requisite authority. That subsection does empower the city government to provide for the punishment "of any offense punishable by the laws of the State of Alabama." But it empowers the municipal authorities to punish such case by *fine or imprisonment.* It confers no authority to impose labor on the streets as a punishment. So, if it be true, as contended, that Calhoun is a prohibition county, and that the sale of intoxicants in that county is, in consequence, an "offense punishable under the laws of Alabama," that is no answer to the present application. The punishment inflicted in the present case is labor on the

[Smoke v. The State.]

streets, when, even according to the contention, the statute only authorizes fine and imprisonment. Conceding the entire scope of the argument, the petitioner is illegally restrained of his liberty, for the mayor had no power to impose the kind of punishment he did inflict.—*State, ex rel. Long*, which cites the authorities; *ante*, p. 47.

We must not be understood, however, as deciding that, if the punishment had been either fine or imprisonment, the provision of the statute we are considering would have upheld the conviction. Calhoun is not absolutely a prohibition county. The statute authorizes a popular election, to determine whether intoxicating liquors shall be sold in the county, or their sale prohibited.—Act approved December 7, 1886 —Sess. Acts, 671—and act approved February 26, 1887. Sess. Acts, 700. We have decided that we will not take judicial cognizance that the county had voted for prohibition. *Grider v. Tally*, 77 Ala. 422. We need not decide, if the county did so vote, that this would constitute a violation of the prohibition an "offense punishable by the laws of the State of Alabama," so that the city government, by an ordinance, could make it a punishable offense against the municipality. We decide nothing on this question.

The petitioner is illegally restrained of his liberty, and is entitled to his discharge.

The writs of *habeas corpus* and *certiorari* will be granted, unless the petitioner, on being certified of this opinion, is content to renew his application before a court of original jurisdiction.