# Woolf *v.* Taylor.

*Mandamus by Treasurer of Demopolis on Probate Judge of Marengo County, to Pay Over Liquor License Money.*

1. *An unconstitutional act.*—The Act of Feb. 7, 1893, entitled, "An act to establish a new charter for the City of Demoplis," which provides in its 26th Section, that all funds arising under the general laws for liquor licenses issued to dealers within said city, shall be paid over by the probate judge of the county to the city treasurer, for the support of the public schools of the city, is violative of Art. 4, Sec. 2, of the State Constitution, in that the subject of said section is not "clearly expressed in the title" of the Act; that said section is not cognate to the subject expressed in the title; but contains an entirely new provision of which said title gives no suspicion.

2. *Same.*—Said Section 26, is opposed to the constitutional pro-

[Woolf v. Taylor.]

vision of Art. IV, Sec. 32, latter clause thereof, which prohibits all other than general appropriations being made except by separate bills embracing but one subject.

APPEAL from Marengo Circuit Court.
Heard before the Hon. JAMES T. JONES.

The facts appear in the opinion of the Court.

WM. L. MARTIN, Attorney-General, for appellant, cited : *Dillon on Munic. Corp.* § 51 ; *Ex parte Reynolds*, 87 Ala. 138 ; *Ex parte Cowert*, 92 Ala. 94 ; 13 Mich. 481 ; *Ballentyne v. Wickersham*, 75 Ala. 533 ; *Cooley on Con. Lim.* (6th Ed.) pp. 170-1 ; 47 Tex. 548 ; 35 N. W. R. 91 ; 59 N. Y. 599 ; 83 Ky. 361.

TAYLOR & ELMORE, for Appellee.

1. The cases of *ex parte* Cowert, 92 Ala. 94, and *ex parte* Reynolds, 87 Ala. 138, are readily distinguishable from this case. In the former, the amending acts are confined to a *single section ;* in this, they cover the *whole act.*
2. The amending Act, (Feb. 7, 1893,) is *not a departure* from the Act amended (1872-3). Section 19, of the Act of 1872-3, regulates the retailing of spirituous liquors within the corporate limits of Demopolis. The amending Act really *restricts* the former powers of the City authorities.

HARALSON, J.—This is a proceeding by *mandamus*, by the appellee, against the appellant, to compel him to pay to appellee certain license-moneys derived from the sale of State and county licenses, to sell liquor within the corporate limits of the City of Demopolis.

It was commenced by petition to the Judge of the First Judicial District. The defendant accepted service of the petition, filed his answer, and waived issuance and notice of a rule *nisi.* The judge granted the prayer of the petition, and commanded the defendant to pay over to the petitioner, as treasurer of the City of Demopolis, the sum of $1,837.50, the same being the total amount of money collected by him as probate judge of Marengo county, for the State and county, for liquor licenses issued by him as such judge of probate to liquor dealers in the City of Demopolis, and to accept the receipt of the petitioner therefor. This appeal by the defendants is to reverse that order.

The claim of said City to said moneys is based on the provisions of § 26 of an Act of the General Assembly, approved Feb'y 7, 1893, entitled an Act, "To amend an Act to

establish a new charter for the City of Demopolis." Acts 1892-3, p. 272.

Said section 26, reads as follows : "That all funds arising under the general revenue law of the State for liquor licenses issued to parties carrying on business within the police jurisdiction and limits of said city, shall be paid over by the probate judge of Marengo county, to the treasurer of said City of Demopolis, to be held and used exclusively for the maintenance and support of the public schools in said Demopolis School district; and the Auditor of the State shall accept from said probate judge, the receipt of said treasurer for such fund as a full and satisfactory voucher in payment of such license."

The appellant insists, that said section of said act is violative of Section 2, Art. 4, of the Constitution in two particulars, namely, of that part of Section 2, which provides, that "each law shall contain but one subject, which shall be clearly expressed in its title," and of that part of Section 32, of said Art. IV, which provides, that all other than general appropriations, shall be made by separate bills.

I. The Act, of which said Section 26, is a part, with the caption above quoted, relates to but one subject,—that of amending the Act to establish a new charter for said City. Under this caption, the Act proceeds to establish an entirely new charter for the city as complete in all its provisions as if one had never existed before, containing much that was in the old charter, and many provisions besides, and repeals all in the old which is in conflict with the new charter. The scope given to the amendatory Act, in so far as it did not offend constitutional requirement, was legitimate, though its title would have been more apposite, if it had been, to create a new charter for said city. Under either title, the subject could be but one, and the same, and under either, could be comprehended all the powers ordinarily conferred on municipalities, giving the necessary legislative taxing, judicial and police powers.

The intention of the constitutional provision, that "each law shall contain but one subject, which shall be clearly expressed in its title," has been repeatedly declared to be, that the title to the act or bill should inform the members of the legislature and the public, of the subject on which the former were invited to vote and legistate. In *Ballentyne v. Wickersham*, 75 Ala. 536, we laid down the rules on this subject so plainly, that for the purposes of this case, we need but to repeat them. We there said, "that the clause is mandatory ; that its requirements are not to be exactingly

enforced, or in such a manner as to cripple legislation; that the title to a bill may be very general, and need not specify every clause in the statute; that it is sufficient if they are all referable and cognate to the subject expressed, and that when the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in and authorized by it. Cooley on Const. Limitations, pp. 170–171; 1 Dillon on Mun. Corp. § 51; *Ex parte Cowert*, 92 Ala. 94; *Ex parte Reynolds*, 87 Ala. 138; *People v. Mahoney*, 13 Mich. 481.

Under an Act, the title to which is the same as this one, when read by its title, one would suppose its object was to do no more than give to the City government some complete and better adjusted legislative, judicial and police powers—such as commonly appertain to municipal governments,—but he would gather therefrom no intimation or suspicion of a purpose to incorporate into the Act an entirely new provision, making an appropriation by the State, out of its revenues, to support and maintain the public schools of the city. Such educational institutions are not regarded as necessarily belonging to municipal government. They are important and contribute greatly to the well being and prosperity of any town or city, as do public buildings, charitable institutions for taking care of the sick, and other like institutions, but all such are of a class, and constitute subjects, not germain to municipal organization, and this Section 26, in the new charter of Demopolis, even if otherwise unobjectionable, was essentially violative of that part of Section 2, Art. IV, of the Constitution, we are considering.

II. But, that section is opposed to an other constitutional prohibition. It is nothing more or less than an attempted special appropriation by the State of $1,225 out of its revenues, and of $612.50 out of the revenues of the county of Marengo, to support and maintain the public schools of the City of Demopolis, which could be done, if at all, by a special bill for that and for no other purpose. Const. Art. IV. § 32.

The judge of the Circuit Court erred in granting the writ of *mandamus*. His ruling is reversed, and an order will be here entered dismissing the petition therefor, at the cost of appellee.

Reversed and dismissed.