Ex Parte FRED HEWLETT, Petitioner on Application for Writ of Habeas Corpus.

(Syllabus by BIGELOW, C. J.)

1—LEGISLATIVE ACT NOT BROADER THAN TITLE.—Where the title states that the subject of an act is to amend one section of a former statute, the act cannot be extended to the amendment of other sections.

2—SAME—PARTLY INVALID.—Where the sections of an act are so separate and independent that one section can be made to operate in accordance with the intention of the legislature without the aid of the others, and the invalid section could not have constituted any inducement for the first, the courts will sustain that section, although the other sections are unconstitutional.

3—SAME—FISH LAW CONSTRUED.—Stats. of Nev. 1895, 83, provide that trout shall not be caught from October of each year to June of each year: *Held*, that the intention of the legislature was to forbid the catching of trout from October of one year to June of the next year.

4—SAME—CONFLICT OF PROVISIONS.—Where there is a conflict between the provisions of the same act, and there is nothing else to indicate which the legislature intended to be in force, the latest in position will control.

5—SAME.—Where an act forbids the catching of trout from the rivers of a state, and also from the lakes, even if the provision as to the lakes is so self-contradictory that it cannot be enforced, this will not invalidate the provision against catching from the rivers.

ORIGINAL PROCEEDING on application for writ of *habeas corpus*. Demurrer to petition sustained.

*Torreyson & Summerfield*, for Petitioner.

*F. H. Norcross*, District Attorney of Washoe county, and *Robt. M. Beatty*, Attorney-General, for Respondent.

Oral argument. No briefs on file.

By the Court, BIGELOW, C. J.:

The application for the writ shows that the petitioner was convicted in the justice's court of Reno township, Washoe

county, of having willfully and unlawfully caught, with a hook and line, on the 12th day of April, 1895, five river trout, in the waters of the Truckee river, under which conviction he is now imprisoned by the sheriff of said county. To the application the district attorney of Washoe county has appeared and filed a demurrer. The petitioner claims that there is no law forbidding the taking of trout on the 12th day of April.

By Stats. 1893, p. 128, the legislature enacted an amendment to what is known as the " Fish Law," the act consisting of but two sections. Section 1 amends section 2 of the original act, and contains the provisions as to when it shall be unlawful to catch trout, but permits taking them after April 1st. Section 2 amends section 4 of the original act and prohibits common carriers and others from shipping or transporting trout illegally caught. By Stats. 1895, 83, the legislature attempted to further amend the act of 1893. This amendment extends the close season to June 1st, and the plaintiff's conviction depends upon the validity of this amendment, as without it there is no law against taking trout after April 1st. It is claimed first that it is invalid because the title of the act does not express its subject.

Stripped of its verbiage, the title states that it is to amend section 2 of the act of 1893. Section 1 provides for the amendment of section 2 of that act, as stated in the title, but from its subject matter, which is substantially, except as to dates, the same as section 1 of the act of 1893, it appears that section 1 is the section they really wished to amend. However, as the title states that it is an act to amend section 2 of the former act, and the body of the act repeats that statement, we are of the opinion that it must be taken just as it reads, although it would seem that a mistake has been made.

But the most serious point is that, after stating in the title that the act is an act to amend but one section of the act of 1893, it goes on to amend sections 4 and 8 of that act, although, as just stated, there are but two sections to the act, and consequently no section 4 or 8 to be amended. Under these circumstances, it would seem that the last two sections of the act of 1895 are unconstitutional, under the provisions of section 17 of article IV. of the constitution,

which directs that "Each law enacted by the legislature shall embrace but one subject, * * * which shall be briefly expressed in the tiile." Having seen fit to restrict the title of the act to amending but one section of the former act, the legislature cannot go on in the body of the act to amend other sections. (*State* v. *Bankers' & M. Mut. Ben. Assn.*, 23 Kan. 499; Suth. St. Const., sec. 87.)

But the applicant for the writ was not convicted under either of these sections, but under section 1, and, admitting their invalidity, the question still remains whether the provisions of section 1 are not so separable and independent that they can be enforced, notwithstanding the unconstitutionality of the other sections. We are of the opinion that they are.

It is the first section that provides when trout shall not be taken. The second section forbids the shipping or transportation of trout taken during the close season, and the third section forbids the taking of spawn without the permission of the state fish commissioner. The gist of the act is to preserve the fish of the state by establishing a season during which they shall not be caught. This is done in the first section, and the penalty for unlawfully catching them prescribed. If this section is not enforced, there will be no fish to be shipped, and no means of taking spawn. The other sections are simply supplementary to the first. They contain provisions calculated to assist in carrying out the main purpose of the law, and to prevent trout being taken contrary to the directions of section 1; but without them there remains an act complete in itself, and capable of being executed in accordance with the apparent legislative intent. This being so, the courts are required to sustain that part of the law against which the constitutional objections do not exist. Being so entirely separate and independent, the provisions of sections 2 and 3 should not have constituted any inducement to the enactment of section 1. (*State* v. *Board of Com.*, 21 Nev. 235; Suth. St. Const., sec. 169, *et seq.*)

Section 1 provides that it shall not be lawful to catch trout "between the 1st day of October of each year and the 1st day of June of each year," and it is argued that the term "each year," as used therein, means the same year, and consequently that it is only between June and October that the catching of trout is forbidden. In view, however, of the

order in which these dates are arranged, and the practical construction that has always been placed upon the law, we think the legislature intended the close season to run from October of one year to June of the succeeding year.

It is also said that the section is so insensible and self-contradictory as to when trout may be taken in the lakes of the state that it is impossible to determine the meaning of the legislature, and that, consequently, the whole section is a nullity. It must be admitted that in this, as in most other matters, the act is not a model of careful legislation, as it contains in a single section three different provisions concerning lake trout. But the principle that where there is a conflict in the same act the provision which is latest in position repeals the others (Suth. St. Const., sec. 220; Bish. Writ. Law, sec. 65) would probably apply, and at any rate, the nullity of the law as to lake trout would not affect the provisions as to river trout. As to them it is clear.

The writ is refused.