# The State of Alabama *v.* Southern Railway Co.

## *Action to Recover Taxes.*

1. *Constitutional law; statutes.*—Section 4 of the act of the General Assembly, approved February 18, 1895, entitled "An act to amend sections 8 and 10 of an act to create the board of education of the city of Birmingham, and to prescribe the powers and duties of the same," which provides for the levy of a tax of twenty cents on the value of every one hundred dollars worth of property in the city of Birmingham, for the promotion of public education within its limits, is unconstitutional and void, as being violative of Article IV, § 2 of the Constitution, which requires that each law shall contain but one subject, which shall be clearly expressed in its title.

2. *Same; same.*—Section 4 of said act is unconstitutional and void, as violative of Article XI, § 7 of the Constitution, which provides "that no city, town or other municipal corporation other than provided for in this article, shall levy or collect a larger rate of taxation in any one year on the property thereof, than one-half of one per centum of the value of such property as is assessed for State taxes during the preceding year," in that it provides for the levy of a tax of twenty cents on the value of every one hundred dollars worth of property in the city of Birmingham, for the promotion of education therein, to be assessed by the tax assessor of Jefferson county, and collected by the tax collector of said county at the same time as State taxes, and, when collected, to be paid over to the treasurer of the board of education of the city, and to be expended by the orders and directions of the board, and "that whenever the tax levied by the State shall exceed fifty-five cents on every one hundred dollars of taxable property, then the tax hereby levied shall be diminished to that rate which added to the rate levied by the State shall not exceed seventy-five cents on every one hundred dollars worth of taxable property, the limit fixed by the constitution."

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by the appellant, The State of Alabama, against the appellee, the Southern Railway Company.

The complaint was as follows: "The plaintiff claims of the defendant, the Southern Railway Company, a body corporate, the sum of $545.83, with interest thereon

from the 1st day of January, 1897, due as taxes as here-inafter stated.

"And plaintiff saith that said sum is the amount of the tax due for the year 1896 from defendant upon its property subject to taxation under and by virtue of an act of the General Assembly of Alabama, entitled 'An act to amend sections 8 and 10 of an act to create the Board of Education of the city of Birmingham, and to prescribe the powers and duties of the same,' approved February 18th, 1895 (Session Acts, 1894-95, page 738). And plaintiff further saith that under and in pursuance of said act the tax assessor of Jefferson county regularly assessed against defendant and upon its taxable property within the corporate limits of the said city of Birmingham, or that is lawfully taxable therein, a tax of twenty cents upon every one hundred dollars worth of such property for said year and the amount so assessed is the sum above demanded, to-wit, $545.83. And plaintiff saith that the assessment of said tax was made under said act, and was in all things regular under the provisions and terms of said act, and the same was regularly entered upon the tax books for Jefferson county for the year 1896, and the said books were delivered to the tax collector of said county. Wherefore, plaintiff saith that the said sum of $545.83 is due and unpaid, and the said tax collector has made lawful demand on defendant to pay said tax, but defendant has refused and still refuses to pay same. And plaintiff further saith that the municipal authorities of Birmingham laid independently of said act and for municipal purposes for the year 1896, a tax on the property in said city of one-half of one per centum of the value of such property as assessed for State taxation during the preceding year, viz., 1895, which tax was and is exclusive of the tax herein sued for. Hence plaintiff brings its suit."

To this complaint the defendants demurred upon several grounds, which may be summarized as follows: 1. Because the said act entitled "An act to amend sections 8 and 10 of an act to create the Board of Education of the city of Birmingham, and to prescribe the powers and duties of the same," approved February 18th, 1895, and published in the acts of the General Assembly of Alabama, of 1894-95, p. 738, is unconstitutional and void in this: It is violative of section 2 of Article IV

of the Constitution. 2. Because said act contains more than one subject. 4. Because said act, though purporting to amend only sections 8 and 10 of the act creating the Board of Education of the city of Birmingham, in fact amends or extends the provisions of section 3 of said act and section 9 of said act. 5. Because said act, besides amending or extending the provisions of sections 8 and 10 of the act which it purports to amend, lays and levies upon all the taxable property within the corporate limits of the said city, an annual tax of twenty cents on every one hundred dollars worth of such property, and provides that the same shall be assessed by the tax assessor of Jefferson county at the same time and in the same manner, and under the same penalties and entered on the same lists with other State taxes, and that the said tax shall be collected by the tax collector of Jefferson county at the same time, and as a part of the State taxes. 6. Because so much of said act, under and by virtue of which the tax sued for is assessed and levied, embraces subjects and provisions not germane to the subject matter of sections 8 and 10 of the act of which it purports to be amendatory, and is violative of the Constitution, in this, said section 4, besides making certain provisions relative to the powers and duties of said Board of Education, levies a State tax on property within the city of Birmingham, and confers additional powers and imposes additional duties upon the tax assessor and tax collector, respectively, of Jefferson county, Alabama. 7. Because so much of the said act under and in pursuance of which the tax sued for was assessed and levied, is unconstitutional and void, in that it violates sections 1 and 5 of Article XIII of the Constitution. 8. Because that part of the said act under which the tax sued for was levied, levies taxes upon property in the corporate limits of Birmingham or authorizes the collection of such taxes in any one year for the use and benefit exclusively of the public schools of Birmingham in excess of the rate of one-half of one per centum of the value of such property, as assessed for State taxation during the preceding year, and is, therefore, violative of section 7 of Article XI of the Constitution. 9. Because neither the State of Alabama, nor any of its agencies, has the constitutional power, right or authority to alienate or divert moneys raised by State

taxation, and which should be applied to the equal use and benefit of the school children of the entire State, to the exclusive use and benefit of the school children of the city of Birmingham. 10. Because said act is violative of section 32, Article IV of the Constitution, in this, it provides for an appropriation of the State's revenues for public school purposes other than by a general appropriation bill ; and it also violates said section in that, while making an appropriation of the State's revenue, it is not confined to that subject exclusively, but comprises two or more subjects of legislation.

This demurrer was sustained, and the plaintiff declining to amend its complaint or plead further, judgment was rendered for the defendant. The plaintiff appeals, and assigns as error the sustaining of the defendant's demurrer to its complaint, and the judgment rendered.

TILLMAN & CAMPBELL, for appellant. — 1. As to whether the title of the act embraces the subject, see Cooley on Constit. Lim. 174 ; *Firemen's, &c., Asso. v. Lounsbury,* 21 Ill. 511 ; *Smith v. Bohler,* 72 Ga. 546.

2. The General Assembly may enact laws that operate in one portion or district of the State and not in another. *Missouri v. Lewis,* 101 U. S. 22 ; *Davis v. State,* 68 Ala. 58.

3. The General Assembly can levy a tax in a separate school district in addition to the tax for general school purposes throughout the State, and apply the tax so raised in the separate district to the public schools in that district, or it may, without diminishing the general school fund, appropriate moneys to support public schools and other schools in a separate school district or elsewhere in the State.—*Dorman v. State,* 34 Ala. 216 ; *Elsberry v. Seay,* 83 Ala. 619 ; *Schultes v. Eberly,* 82 Ala. 242.

SMITH & WEATHERLY, *contra.*—1. The title of the act does not clearly indicate the subject thereof ; and more than one subject of legislation is embraced in the act.—*Montgomery v. State,* 88 Ala. 141 ; *Ex parte Reynolds,* 87 Ala. 138 ; *Ex parte Cowert,* 92 Ala. 94 ; *Stewart v. Commissioners,* 82 Ala. 209 ; *Glenn v. Lynn,* 89 Ala. 608.

2. If the tax is to be treated as a municipal tax, it is violative of section 7 of Article XI of the Constitution,

[The State of Alabama v. Southern Railway Co.]

which prohibits any city, town or municipal corporation from levying or collecting "a larger rate of taxation in any one year on the property thereof than one-half of one per centum on the value of such property as assessed for State taxation during the preceding year." *Mayor & Ald. of Birmingham v. Klein*, 89 Ala. 461; *Elyton Land Co. v. Mayor, &c.*, 89 Ala. 477; *Hare v. Kennerly*, 83 Ala. 608.

3. If the tax be regarded as a State tax, it is violative of Article XIII of the Constitution, and especially sections 1 and 5 thereof.—*Hare v. Kennerly*, 83 Ala. 608; *Schultes v. Eberly*, 82 Ala. 242; *Elsberry v. Seay*, 83 Ala. 614; *Mayor, &c., v. Klein*, 89 Ala. 461.

4. As the act appropriates State revenues for public schools, it is violative of section 32 of Article IV of the Constitution.

HARALSON, J.—1. The caption of the act we are invited to construe is, "To amend sections 8 and 10 of an act to create the Board of Education of the city of Birmingham, and to prescribe the powers and duties of the same."—Acts, 1894-95, p. 739.

Section 8 of the act proposed to be amended, (Acts, 1884-85, p. 528), provides simply "That the said board of education shall have power to charge in the several grades of said schools such incidental or other fees as may be deemed necessary for the proper conduct of said school;" and the amendment thereof was but a slight change, conferring on the board power to charge non-resident pupils such tuition or other fees as they might deem proper, and allowing them, in their discretion, to assign free scholarships in the various grades of the school.

Section 10 of the original act to be amended provided "that all funds devoted to school purposes, in the city of Birmingham, whether derived from State, county or city, shall be paid into the treasury of said city, and be disbursed in such manner as the board of education may direct;" and further, that "not more than four per cent. of the money derived from the State shall be used otherwise than for the payment of teachers employed in such schools.

This section by the amendment was made to read as follows: "Section 10. That all moneys devoted to

school purposes in the city of Birmingham, whether de-
rived from State, county or city of Birmingham, or ob-
tained by gift or bequest, or in any other manner what-
soever, shall be paid over into the hands of a treasurer,
elected by the Board of Education, as herein provided, all
moneys intended for school purposes in the hands of the
treasurer of the city of Birmingham, together with the
poll tax, and the amount of the estimate for any schol-
astic year filed with the mayor and aldermen as provided
in section 9 of this act, and shall be by him paid over to
the treasurer of the board of education in three equal
instalments, on the first day of September, the first day
of December, and the first day of March of the said year.
Such moneys, together with all unexpended balances in
the hands of said treasurer of the board of education,
shall constitute a school fund which shall be disbursed
in the interest of the public schools of the city of Bir-
mingham in such manner as the board of education may
direct."

Section 4 is added, as a part of this amendatory act,
by way of independent legislation, having nothing to do
with sections 8 and 10 proposed to be amended, and pro-
vides, "That said board of education shall have power to
build upon the property of the city suitable houses for
the use and accommodation of the public schools of said
city, whenever funds shall have been provided for the
same, or the board may rent such houses, and shall keep
said houses in repair and furnished with suitable furni-
ture, apparatus and appliances ; and to enable said board
to do this and maintain an efficient system of public
schools free, as nearly as practicable, to all the school
children in the city, there is hereby laid and levied upon
all the taxable property within the corporate limits of
the said city, or that may be lawfully taxable therein,
an annual tax, two-tenths of one per cent., or twenty
cents on every one hundred dollars worth of such prop-
erty, which shall be assessed by the tax assessor of Jef-
ferson county at the same time, and in the same manner,
and under the same penalties and entered on the same
lists with other State taxes. And the same shall be
collected by the tax collector of Jefferson county at the
same time with and as a part of the State taxes. And
when collected shall be paid over each week to the treas-
urer of said board to be by him paid out and expended

under the orders and direction of the said school board, that whenever the tax levied by the State shall exceed fifty-five cents on every one hundred dollars of taxable property, then the tax hereby levied shall be diminished to that rate which added to the rate levied by the State shall not exceed seventy-five cents on every one hundred dollars worth of taxable property, the limit fixed by the constitution.''

The only purpose of the amendatory act, as declared in its title, was to amend the two sections named of the former enactment. They were amended, so as to be made to read in the words and figures set out in the amendatory act, each amendment being round and complete within itself. At this point, the purpose of the act, as declared in its caption, was fully accomplished. After this, by independent legislation, as we have seen, the act proceeds to levy a tax of 20 cents on the value of every hundred dollars worth of property in the city for the purposes of the promotion of public education within its limits—a subject not referable and cognate to the subject expressed in the title, and which would never be suggested to the legislative mind from reading or hearing the caption read. The amendments referred to in the caption, covered in part provisions already existing in the original enactment, and were trivial and unimportant as compared with the other proposed amendment—to raise an additional tax for public schools, which was manifestly the main, controlling purpose of the enactment, and yet, it is not disclosed or even hinted at in the caption. The provision is so violative of section 2, Art. IV of the constitution, requiring that each law shall contain but one subject, which shall be clearly expressed in the title, we need indulge no argument to show it. The adjudications are abundant and pointed in condemnation of such legislation. We content ourselves by a reference to cases on the subject, in which others also will be found cited.—*Ballentyne v. Wickersham,* 75 Ala. 533; *Ex parte Reynolds,* 87 Ala. 138; *Ex parte Cowert,* 92 Ala. 94; *Woolf v. Taylor,* 98 Ala. 254; *Ex parte Gayles,* 108 Ala. 514.

2. Section 7 of Art. XI of the constitution provides, that ''No city, town or other municipal corporation, other than provided for in this article, shall levy or collect a larger rate of taxation, in any one year, on the

property thereof, than one-half of one per centum of the value of such property as assessed for State taxation during the preceding year,'' etc.   If this tax had been authorized to be levied directly by the city, most obviously, it would have been in direct violation of this provision of the constitution, as being a tax authorized to be levied by the city in addition to the maximum rate of taxation authorized by the constitution.   For this reason, no doubt such a provision was not incorporated in the act.  It was supposed, however, as appears from the terms of the act, that this constitutional inhibition might be legally avoided, by providing that the State should levy and collect the tax and pay the same over to the treasurer of the board of education.   In aid of this device, it is provided as we have seen, "that whenever the tax levied by the State shall exceed fifty-five cents on every hundred dollars of taxable property, then the tax hereby levied shall be diminished to that rate, which, added to the rate levied by the State, shall not exceed seventy-five cents on every hundred dollars worth of taxable property, the limit fixed by the constitution." But if this were allowed, it would effectually emasculate this constitutional prohibition.   It would sanction the levy of a tax by the State for the purposes of public education in the city, which the city itself is prohibited by the constitution from levying and collecting, and which, if sanctioned as to one city, might be extended to every other locality in the State, in overthrow of this fundamental law.   It would allow a thing to be done indirectly, which is forbidden to be directly done.

The constitutional inhibition applies with equal force, as a prohibition against the levy and collection of such a tax, whether by the State or by any city, town or municipal corporation.—*Elyton Land Co. v. Mayor, &c.*, 89 Ala. 477; *Hare v. Kennerly,* 83 Ala. 608; *Schultes v. Eberly*, 82 Ala. 246.

What we have said must not be understood as questioning the correctness of anything decided in the case of *Mayor, &c. v. Klein*, 89 Ala. 461, touching the power of the legislature to authorize assessments on property for local improvements.   That case, on the other hand, supports what has been here decided as to this special tax.

There was no error in sustaining the demurrer to the complaint.

Affirmed.