LAND, J.
The state tax collector proceeded by rule against the defendant to collect a license tax of $600, with interest, attorney’s fees, and costs, for the year 1909, on the business of money lender or purchaser of time wages., pursuant to Act No. 209, p. 312, of 1908, entitled “An act to amend and re-enact section 5 of Act No. 171, p. 392, of 1898,” the general license revenue law of the state.
The defendant, for answer to the rule, after pleading the general issue, averred that Act 209 of 1908 is null and void because in contravention of articles 31, 32, 225, and 229 of the state Constitution, and of the fourteenth amendment of the Constitution of the United States.
There was judgment in favor of the plaintiff in rule as prayed for, and the defendant has appealed.
Act 209 of 1908 is entitled:
“An act to amend and re-enact section 5 of Act 171 of Session of the Legislature of the state of Louisiana for the year 1898, entitled ‘An act to levy, collect’and enforce the payment of an annual license tax upon all persons, associations of persons or business firms and corporations, pursuing any trade, profession, vocation, calling or business,’ ” etc.
Section 5 of Act 171 of 1898 reads as follows :
“Sec. 5. Be it further enacted, etc., that each and every pawnbroker or keeper of a loan office, where capital in actual use, is fifty thousand dollars or more, shall be graded as eighth class, section fourth, shall be five hundred dollars ($500); that when the capital in actual use is less than fifty thousand dollars, shall be graded as ninth class, section fourth, the license shall be three hundred and seventv-five dollars ($375).”
By act No. 209 of 1908 the above section is. amended and re-enacted so as to read as follows:
“Sec. 5. Be it further enacted, etc., that each and every money broker, money lender, or person, firm or corporation, doing such business as is commonly known as money lending or purchasing time wages or salary of laborers, clerk or other wage-earners or other persons, whether the same is earned or unearned and whether said business is conducted in an office or otherwise, the license shall be graded according to the capital in use in said business as follows:
“First Glass. Where the capital in use is $250,000 or more, the license shall be $2,000.00.
“Second Class. Where the capital in use exceeds $100,000.00 and is not more than $200,-000.00, the license shall be $1,500.00.
“Third Class. Where the capital in use exceeds $75,000.00 and is not more than $100,-000.00, the license shall be $1,000.00.
“Fourth Class. Where the capital in use exceeds $50,000.00 and is not more than $75,-000.00, the license shall be $800.00.
“Fifth Class. Where the capital in use is less than $50,000.00 the license shall be $600.00. Provided, that if any person, firm or corporation,, carrying on the business designated in this section, shall conduct more than one office or place of business, whether in the same or under different names, such persons, firm or corporation shall pay a separate license for each and every office or place of business it shall conduct according to the hereinabove classification.
“Provided further, that this act shall not apply to persons, corporations or institutions carrying on a banking business, as provided for by section 2 of Act 171 of 1898, and provided further that this act shall not apply to persons, corporations or companies lending money secured by mortgage upon real estate.
“Provided further, that each and every pawnbroker or keeper of a loan office where capital in actual use is fifty thousand dollars or more, the license shall be five hundred dollars ($500), that when the capital in actual use is less than fifty thousand dollars, the license shall be 'three hundred and seventy-five dollars ($375).”
Article 31 of the Constitution of 1898 reads as follows:
“Every law enacted by the General Assembly of the state of Louisiana shall embrace but one object, and that shall be expressed in its title.”
Act 209 of 1908 purports to amend and re-enact section 5 of Act 171 of 1898, which fixes license taxes only for the business of “pawnbroker or keeper of a loan office.” The title of Act 209 of 1908 does not give *633 notice of the legislative intent to amend any other section of Act 171 of 1898 or to enact additional legislation on the subject of license taxes.
In State v. Tolman, 106 La. 662, 31 South. 320, this court held that, as the business of money lending was not specifically taxed in any of the sections of Act 171 of 1898, it fell within the purview of the fourteenth section, providing for the taxation of certain callings “and all other business not herein provided for.” The court in that case necessarily found that the business of money lending was not covered by section 5 of the general licensing act of 1898.
In the well-considered case of State of Louisiana v. American Sugar Refining Company, 106 La. 553, 31 South. 181, the court held as unconstitutional an act of the Legislature, which, under a title purporting to amend certain particular sections of another statute, altered the subject-matter of a different section to which no reference was made in the title.
In that case the court, inter alia, said that, when the Legislature “restricts the title and announces, its purpose to deal with the original bill in respect only to particular matters therein, it is bound to govern itself accordingly and keep within what it had itself declared would be the limits of its proposed action.” The court quoted Dolese v. Pierce, 124 Ill. 140, 16 N. E. 218, as follows:
“An act to amend certain sections of a general law is limited in its scope to the subject-matter of the section proposed to be amended. * * * The amendment of an act in general or a particular section of an act ex vi termini implies merely a change of its provisions upon the same subject to which the act or section relates.”
The case of Beary v. Narrau, 113 La. 1034. 37 South. 961, is not distinguishable in principle from the one at bar. In that case, Act No. 49, p. 108, of 1904, under a title purporting to’ amend and re-enact section 12, p. 164, Act No. 103, of 1900, fixing licenses for theaters, places of amusement, etc., and “peddlers or hawkers,” provided that such terms should be held to include “all transient merchants and itinerant venders selling to consumers by sample or taking orders, whether for immediate or future delivery.”
This court held that the license taxation of commercial salesmen or travelers selling by sample, or by taking orders for future delivery, was not germane to the license taxation of peddlers or hawkers, selling and delivering goods carried by them from place to place, and that, the provisions of Act 49 of 1904 being broader than its title, the act was unconstitutional. The court said, in part, as follows:
“If the occupation or business of selling by sample or by taking orders was subject to a license, jt fell within the class of all other business not specially provided, as set forth in section 14 of Act No. 103, p. 166, of 1900.
“If such occupation did not fall within the terms of the license statutes enacted prior to Í904, it was a distinct subject-matter for additional legislation. In either event, the title of the act should have set forth the legislative purpose; but the title in question purports to amend only section 12 of Act No. 103. p. 164, of 1900, and therefore is not broad enough to cover section 14, p. 166, of the same act or any new subject-matter of license taxation.”
The sole subject-matter of section 5 of Act 171 of 1898 is the license taxation of the business of “pawnbroker or keeper of a loan office,” referring to the same business. See Standard Dict. verb. Loan. “One of the subject-matters of section 1 of Act 209 of 1908 is the “business commonly known as money lending or purchasing time wages or salary of laborers,” etc. After providing for the taxation of such money lenders, the statute takes up the business of “pawnbroker or keeper of a loan office” and adopts the license taxation as fixed in section 5 of Act 171 of 1898. The result is that the new act does not amend the particular section mentioned in the title, but, under the guise of its amendment, enacts new legislation imposing a different license tax on another and dis *635 tinct business, which never had been taxed except as a business not otherwise provided for in the statutes. As the title gave no notice whatever to the public, or the parties to be affected, of the legislative intent to impose a new license tax on the business of money lending in any of its forms, the act necessarily contravenes article 31 of the state Constitution.
It is therefore ordered, adjudged, and decreed that the judgment below be annulled, avoided, and reversed'; and it is further adjudged and decreed that Act 200 of 1908 be declared unconstitutional, and of no force and effect, in so far as it purports to levy a license tax on money lenders; and it is further decreed that the rule filed below in the name of the state by the tax collector be dismissed, with costs.