[No. 2841.]

## STATE v. CANDELARIA

### SYLLABUS BY THE COURT.

(1) Where an intention to amend a specific section of a former act is announced in the the title of an act, the amendatory act must be germane to the subject-matter of the original section sought to be amended.     P. 578.

(2) Where both the title and the body of an act make misreference to a section in a former act which is sought to be amended, the misreference may not be disregarded in the construction of the later act.     P. 578

(3) A provision in an act entirely without the scope of the title is void.     P. 579.

(4) Where it must be clearly seen that the Legislature would not have repealed former sections of the law, unless they were effectually providing a new system in lieu of the old, for which there was pressing and continuing necessity, then the whole act is to be declared void, and the former regulations on the subject remain in full force.     P. 580.

Appeal from District Court, Santa Fe County; Holloman, Judge.

J. S. Candelaria was indicted for buying, receiving, and aiding in the concealment of stolen goods. From an order overruling a demurrer to a plea in abatement and quashing the indictment, the State appeals. Affirmed.

Milton J. Helmick, Atty. Gen., and J. W. Armstrong, Asst. Atty. Gen., for the State.

J. O. Seth, C. J. Roberts, and C. H. Gilbert, all of Santa Fe, for appellee.

OPINION OF THE COURT.

PARKER, C. J.   The appellee was indicted by a grand jury on April 4, 1923, for buying, receiving, and aiding in the concealment of certain stolen goods.   He interposed a plea in abatement to the indictment upon the ground that the act, House Bill No. 239, Session Laws 1923, c. 131, under the provisions of which the grand jury finding the indictment had been selected and impaneled, was unconstitutional.   A demurrer was interposed to the plea and was overruled and the indictment quashed, and the state has brought the case here by appeal.

The ground upon which the claim that the act is unconstitutional is founded is that it violates the provisions of section 16 of article 4 of the Constitution, which is as follows:

"The subject of every bill shall be clearly expressed in its title, and no bill embracing more than one subject shall be passed except general appropriation bills and bills for the codification or revision of the laws; but if any subject is embraced in any act which is not expressed in its title, only so much of the act as it not so expressed shall be void."

. The provisions of the Constitution above quoted, prohibiting laws embracing more than one subject, is not involved in this consideration.   The act in question is devoted wholly to the subject of the selection of jurors.   The sole proposition presented is one which involves the question as to whether the title of the act clearly expresses the subject of the act in accordance with the above requirement of the constitutional provision.   The title of the act is as follows:

"An act to amend section 3 of chapter 3, Session Laws of 1921; section 4 of chapter 93, Session Laws of 1917; section 25 of chapter 93, Session Laws of 1917, and to repeal sections 2 and 3 of chapter 3, Session Laws of 1921; sections 6, 7, 8, 9, 10, 11, 19 and 29 of chapter 93, Session Laws of 1917, and providing that the names of all male voters shall be placed in the jury box within thirty days after each general election."

The first provision of the title announced the intention to amend section 3, of chapter 3, Session Laws

1921. An examination of that section of that act discloses that it is nothing more than a validating section, and provides that all proceedings theretofore had in the preparation of the list of names by a jury commission, in making up the list of jurors, filling the jury box or wheel, and drawing the names therefrom, shall be valid, if the number of names selected for jury service comprised at least 10 per cent of the voting population of the county. It undertakes to make no provision for making up the list, selection of names, filling the jury box or wheel, and drawing the names therefrom, but provides that all such things theretofore done should be valid, if the names comprised at least 10 per cent of the voting population. Section 1 of the act now in question, however, purports to amend section 3 of the act of 1921 "so as to read as follows." The section then provides that within 30 days after the passage of the act, the clerk of the district court is to prepare a complete list of all male voters who voted at the last election in his county from the pollbooks used at such election, and thereafter within 30 days after each general election to prepare a like list. This section makes provisions clearly inconsistent with section 3 of chapter 3 of the Laws of 1921, and which are in no sense germane to the objects and purposes of the earlier section.

The second provision of the title of the present act gives notice of the intention to amend section 4 of chapter 93 of the Session Laws of 1917. Section 4 of the 1917 act required that the district court provide itself with a wheel or box, while section 2 of the present act required the district court to provide itself with two wheels or boxes. We see no objection to this section 2 of the present act, in so far as the title of the act is concerned.

The next provision of the title of the present act provides for the amendment of section 25 of chapter 93 of the Session Laws of 1917. That section provides for the right to inspect the jury book (a book required to be kept and to contain the names of all persons whose

names had been placed in the jury box), and for the comparison by any person interested of the list of names in the jury book with the names found to be in the jury box, and for the correction of any discrepancy between the list in the jury book and the names in the jury box. Section 7 of the present act is practically in the same language as section 25 of chapter 93, Session Laws of 1917, above mentioned, and we see no objection to the same so far as the title of the present act is concerned.

The fourth provision of the title of the present act gives notice of the repeal of certain specified sections of the two prior acts, heretofore mentioned, and in section 8 of the present act they are repealed by number. We see no objection to this section in so far as the title is concerned.

The last provision of the title of the present act gives notice of provisions that the names of all male voters shall be placed in the jury box within 30 days after each general election. Section 3 of the present act makes provision for the preparation of the jury list by the clerks, the preparation by the clerk of slips of uniform size containing said names, the placing by the clerk of said slips in the jury box, and the filing of his original list in his office, subject to public inspection. It provides that the names in the jury box must at all times correspond with the names on such list, and that the slips in the jury box must at all times show that they are carbon copies from such certified list. It further provides that the clerk shall fold said slips in a uniform way in such manner that no part of the name written upon any of said slips can be seen without unfolding the same, and that he shall in the presence of the district judge and sheriff, and in the presence of such other citizens as may desire to be present, or in cases of the absence of the district judge, in the presence of the sheriff and at least two other citizens as may desire to be present, after showing that such box is empty, to insert the slips in the original jury box provided by the act, and to seal and lock said

box, and deliver or transmit the key thereof to the judge of the district. We see no objection to this section as not being within the scope of the title of the act.

Section 4 of the present act, however, provides that said clerk shall so prepare said list and so place said names in said jury box within 30 days after the approval of this act, and, thereafter, shall do likewise within 30 days after every general election. It further provides that no new names thereafter shall be placed in said box and none taken out, except as otherwise therein provided, until after the next general election, and that the names so placed in such jury box shall furnish the only available means of obtaining jurors for service in the district courts until after the next general election. This section is clearly without the scope of the title. The title gives notice that the names of all male voters are to be placed in the jury box within 30 days after each general election. The body of the act in section 4 provides that they shall be placed in the jury box within 30 days after the approval of the act. This same provision occurs in section 1 of the act, as before pointed out; but the provision in section 1 will require different treatment later in the opinion.

Section 5 of the present act provides the procedure for refilling the boxes with the names of qualified jurors after the next general election. We see no objection to this section so far as the title of the act is concerned.

Section 6 of the act provides the procedure of transferring the slips containing the names of qualified voters from one box to the other, for the labeling of the box from which names are to be drawn, forbids the drawing of names from the unlabeled box, and provides for the transfer of the slips from the unlabeled box back into the labeled box, if the latter shall have become exhausted, and other minor provisions. We see no objection to this section so far as the title is concerned.

Section 9 of the act declares an emergency to exist, and that consequently the act shall take effect from and after its passage and approval.

[1] Section 1 of the act in question is clearly open to two objections. As before pointed out, it attempts to amend section 3 of chapter 3 of the Session Laws of 1921, a section referring in no manner to the subject-matter embraced within section 1 of this act, the former section being merely a validating statute, as here-tofore pointed out. That where a proposed amendment of a specific section of an act is announced in the title, the amendatory act must be germane to the subject-matter of the original section sought to be amended, see Ex parte Reynolds, 87 Ala. 138, 6 South. 339; Ex parte Hewlett, 22 Nev. 333, 40 Pac. 96; State v. American Sugar Refining Co., 106 La. 553, 31 South, 182; Dolese v. Pierce, 124 Ill. 140, 16 N. E. 218; People v. Fleming, 7 Colo. 230, 3 Pac. 70; Board, etc., v. Aspen N. & S. Co., 3 Colo. App. 223, 32 Pac. 717; Miller v. Hurford, 11 Neb. 377, 9 N. W. 477; State v. So. Ry. Co., 115 Ala. 250, 22 South. 589; Armstrong v. Mayer, 60 Neb. 423, 83 N. W. 401; State v. Tolman, 124 La. 630, 50 South. 607, 134 Am. St. Rep. 514; Tompkins-ville v. Jackson, 189 Ky. 251, 224 S. W. 876; Pottawa-tomie County v. Alexander (Okl. Sup.) 172 Pac. 436.

[2] Counsel for the state argue that the statement in the title of the present act and the reference in section 1 of this act is a palpable clerical error which the court should disregard, and that section 1 should be applied as an amendment of section 1 of the act of 1921. There is authority to this effect, of which State v. Cross, 44 W. Va. 315, 29 S. E. 527, is an example. We cannot see how such a construction of an act and its title can be made without doing violence to the constitutional provision. In State v. Ingalls, 18 N. M. 211, 218, 135 Pac. 1177, 1178, we adopted Judge Cooley's statement as to the purposes of the constitutional provision as follows:

"First, to prevent hodge-podge or 'log-rolling' legislation; second, to prevent surprise or fraud upon the Legislature by

means of provisions in bills of which the titles give no inti-
mation, and which might therefore be overlooked and care-
lessly and unintentionally adopted; and third, to fairly ap-
prise the people of the subjects of legislation in order that
they may have opportunity of being heard thereon.   Cooley's
Const. Lim. (7th Ed.) 205."

This is the universally accepted opinion on this sub-
ject.   How, then, a misreference in the title and in the
body of the act to a specific section in a former act can
be disregarded and still give the notice to the Legisla-
ture and the people, which the title of an act is de-
signed to give, it is difficult for us to understand.   If
it were a question of construction of the sections of the
act itself, and involved no question of the scope and
sufficiency of the title, a different proposition would
arise.   In such a case palpable errors in reference to
section of former acts might possibly be disregarded,
but in such a case as this we cannot disregard this ref-
erence without disregarding the rights and duties of
the members of the Legislature and the rights of the
people to know what is being proposed in the way of
legislation.   For cases bearing on this proposition
see Pottawatomie County v. Alexander (Okl. Sup.)
172 Pac. 436; Ex parte Hewlett, 22 Nev. 333, 40
Pac. 96; State v. American Sugar Refining Co.,
106 La. 553, 31 So. 181; South v. Fish, 181 Ky. 349,
205 S. W. 329; Stiers v. Mundy (Ind. App.) 89 N. E.
959.

[3]   Section 1 of this act is likewise open to the
objection that it is entirely without the scope of the
title, in that it provides for the making up of the jury
lists and the filling of the boxes within 30 days after
the passage and approval of the act, while in the title
no notice is given of any intention to make such a pro-
vision, except to provide for same to be done within 30
days after each general election following the passage
of the act.  Such a departure from the title is fatal to
the validity of the section.   Cases bearing on this prop-
osition are State v. Board of Com'rs, 22 Nev. 399, 41
Pac. 145; Fidelity Ins., etc., Co. v. Railroad Co., 86
Va. 1, 9 S. E. 759, 19 Am. St. Rep. 858; State v. Bai-

ley, 157 Ind. 324, 61 N. E. 73, 59 L. R. A. 435; State v. Schlitz Brewing Co., 104 Tenn. 715, 59 S. W. 1033, 78 Am. St. Rep. 941; 25 R. C. L., Statutes, § 106.

Section 4 of the act in question is likewise open to the same objection as just mentioned in regard to section 1. The title of the act gave no notice to litigants that the jury commission system, heretofore in force in the state, was to be abandoned, and an entirely new system was to be inaugurated for the selection of jurors at any time prior to some time within 30 days next following the next general election, nor did members of the Legislature, from the title of this act, have any notice of such an intention. The cases cited above are applicable here.

[4] From what has been heretofore said, it appears that a large part of the legislation in this act is not open to any constitutional objection. The vital part of the act, however, namely, sections 1 and 4 are open to these objections. These two sections provide the new system to be put into operation in regard to the selection of jurors, and, as we have heretofore seen, they cannot be allowed to stand. If they are invalid, then there is no provision for the selection of jurors in the state until after the next general election—nearly two years from this time. Of course, the Legislature could not have contemplated such a condition. Unless they had effectually inaugurated a new system, they would not have repealed the other sections provided to carry into effect the former system of jury selections. Under such circumstances, the whole of the act must fail. Where it must be clearly seen that the Legislature would not have repealed former sections of the law unless they understood that they were providing a new system, for which there was pressing and continuous necessity, then the whole of the act is to be declared void. State v. Brooken, 19 N. M. 404, 409, 143 Pac. 479, L. R. A. 1915B, 213, Ann. Cas. 1916D, 136; Schwartz v. Gallup, 22 N. M. 521, 529, 165 Pac. 345; Ex parte Bustillos 26 N. M. 450, 465, 194 Pac. 886. See, also, 25 R. C. L. Statutes, §§ 87, 166; Vernon v. Secretary of State, 179 Mich. 157, 146 N. W. 338, Ann.

Cas. 1915D, 128; State v. Blend, 121 Ind. 514, 23 N. E. 511, 16 Am. St. Rep. 411.

This conclusion leaves all of the former provisions of the jury law in full force and effect.

It follows from all of the foregoing that the judgment of the district court was correct in overruling the demurrer to the plea in abatement and in quashing the indictment, and it should be affirmed, and it is so ordered.

BRATTON, J., and RYAN, District Judge, concur.