CASE 39—PETITION ORDINARY—JANUARY 18.

# Green, &c., v. Commonwealth.

### APPEAL FROM BELL CIRCUIT COURT.

CLASSIFICATION OF CITIES.—Where a city has been assigned by the Legislature to a particular class, as provided by section 156 of the new Constitution, it must remain in that class until changed by the Legislature. The courts have no power to transfer it to another class upon the ground that its population was not sufficient to entitle it to a place in the class to which it was assigned.

WM. LOW FOR APPELLANTS.

The power to classify the various cities of the Commonwealth is vested in the Legislature and in no other department of the government, and the courts have no power to review the action of the Legislature. (Constitution of Ky., sec. 156; Cooley's Const. Limit. (5th ed.), p. 221, and cases cited.)

W. J. HENDRICK, ATTORNEY-GENERAL, AND UNTHANK & MONT-FORT FOR APPELLEE.

As the city of Pineville was not *constitutionally* named as a city of the

fourth class, it was not *named at all*, and not being named, it was, by the act classifying cities, section ·2, classified as a town of the sixth clas

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

By an act of the General Assembly of the State, approved September 30, 1892, the cities of the Commonwealth were classified as required under the provisions of section 156 of the Constitution. The city of Pineville, Bell County, was classified or designated as a city of the fourth class. On June 28, 1893, the charter of cities of the fourth class was approved, and thereafter the mayor and council of the city of Pineville proceeded to enact such ordinances as were provided for in the charter for cities of this class, and otherwise to run the city government in conformity with the charter for the class indicated. Thereupon this action was brought against the mayor and councilmen, charging that the actual population of the town of Pineville, according to the census of 1890, was only 1,356, whereas the Constitution provided that to the fourth class shall belong cities and towns having a population of 3,000 or more, and less than 8,000; therefore, that the town was in fact not one of the fourth class, and the officers named were wrongfully imposing upon the citizens an extravagant and illegal form of government. A demurrer to the petition was overruled, and, the appellants declining to plead further, the court adjudged that the town of Pineville belonged to the sixth class, and that its officers—the appellants—were, without warrant of law, exercising the powers of councilmen of a fourth-class city, and that their acts in laying off the city into wards, designating voting places and providing

Green, &c., v. Commonwealth.

for the election of officers of the town as for a city of the fourth class were illegal and void.

The officers of the city have appealed, and the only question involved is whether the classification of the cities and towns of the Commonwealth shall be made by the courts, or made—as provided in the Constitution—by the General Assembly. To state the question is, of course, to answer it. The language of the Constitution is: "The General Assembly shall assign the cities and towns of the Commonwealth to the classes' to which they respectively belong, and change assignments made as the population of said cities and towns may increase or decrease, and in the absence of other satisfactory information as to their population, shall be governed by the last preceding Federal census in so doing; but no city or town shall be transferred from one class to another, except in pursuance of a law previously enacted and providing therefor." Clearly, therefore, to the legislative department of the government, in pursuance of some law enacted for that purpose, must be left the right to change the assignment of a city from one class to another, if the unambiguous direction of the Constitution is to be observed. No argument or citation of authority can make this plainer than the Constitution makes it.

The demurrer should have been sustained and the petition dismissed, and to that end the judgment is reversed.