## Fitzpatrick v. McGinnis.

(Decided March 13, 1917.)

### Appeal from Allen Circuit Court.

Statutes—Constitutional Law—Private Passways.—Section 4356s, Kentucky Statutes, Carroll's edition, 1915, is violative of section 51 of the constitution so far as it attempts to re-

peal article II., chapter 110, Kentucky Statutes, Carroll's edition, 1909, relating to private passways, and the statutes authorizing the opening of private passways for the purposes stated in the statute and in the manner therein pointed out are still in force and effect.

OLIVER & DIXON for appellant.

N. F. HARPER and F. R. GOAD for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This is a proceeding instituted by the appellant (plaintiff) against the appellee (defendant) in the county court of Allen county, for the purpose of opening a private passway of necessity for the benefit of plaintiff across and over the lands of the defendant, as is provided by section 4348 of Carroll's 1909 edition of the statutes, which section to and including 4356 of that edition is an act of June 23, 1893. Viewers were appointed, as provided by the statute, who made their report, to which the defendant filed exceptions, which were tried by the court, and damages allowed to the defendant in the sum of $30.00 and the passway granted, from which the latter prosecuted an appeal to the circuit court. In that court defendant entered a motion to dismiss the proceeding upon the ground that the statutes under which it was instituted, and which authorizes it, were repealed by an act of the legislature passed at its 1914 session, being chapter 110 of the 1915 edition of Carroll's statutes, and being sections 4287-4356y, inclusive, of that edition. To reverse the judgment of the court in sustaining the motion and dismissing the proceeding, the plaintiff prosecutes this appeal.

The precise question was presented and passed upon by this court in the case of Exall v. Holland, 166 Ky. 315. There are no other questions presented by this appeal except the one stated. The regularity of the proceeding, provided the statute under which it was instituted is not repealed, is not questioned. This court in its opinion in the case referred to held that although a section of the 1914 act, being section 4356s in the 1915 edition of the Kentucky statutes, attempted to expressly repeal the act of 1893 providing for the opening of private passways, it could not have that effect because the title of the 1914 act was not sufficient under the provisions of section 51 of the constitution to authorize the legislature to legis-

late therein concerning private passways. The title of the 1914 act is, "An Act defining public roads; providing for their establishment, regulations, use and mainten-ance; and creating the office of county road engineer and prescribing the duties thereof," and it was held that the subject of private passways was not in any manner "ex-pressed in the title" as is required by the section of the constitution, *supra.* The conclusion of the court in the case referred to is summed up thus:

"We conclude, therefore, that section 4356s of Ken-tucky Statutes, 1915, is violative of section 51 of the constitution, so far as it proposes to repeal article 11, chapter 110, of Kentucky Statutes, 1909, and the statute therein embraced is a valid and existing statute."

That opinion is sound and cannot be successfully as-sailed upon any legal ground known to us, and is con-clusive of the question on this appeal. The judgment of the trial court not being in accord with the principles of that opinion, is erroneous, and must be and is reversed, with directions to proceed in accordance herewith.