## Town of London, Kentucky, etc. v. Brown, etc.

(Decided January 28, 1919.)

### Appeal from Laurel Circuit Court.

1. Municipal Corporations— Classification— Assignment.—Constitution, section 156, in providing for the classification of cities and towns confers upon the legislature the power to assign them to the classes, respectively, in which they should be placed, and after such assignment, when deemed necessary; to change or transfer them from one class to another. When this power has been exercised by the legislature in either particular, the courts must assume that it was properly exercised.

2. Municipal Corporations—Classification.—Where by an act of the legislature a city was assigned to the fourth class by specifically naming it with all others so named as belonging to that class, but by a subsequent legislative act amendatory of the first act, the name of the city was omitted in declaring the names of the cities composing the fourth class, such omission had the legal effect to make of it a town of the sixth class, because of the provision of the last section of the amendatory act by which it is declared "all other incorporated cities and towns not named in this bill shall belong to the sixth class."

3.  Statutes—Municipal Corporations—Classification.—The act here in question (Acts 1916, page 619) is entitled "An act to amend section 2740 and section 2741 of article I, chapter 89, Ky. Statutes, Carroll's revised edition, 1915, relating to the classification of cities and towns," and makes in the act it is intended to amend two obvious changes, viz.: (1) it takes the city of Ashland from the fourth class and puts it in the third class; (2) it omits from the fourth class, where it had theretofore been placed, the town of London, which omission by virtue of the provisions of section 2741 of the act put it in the sixth class with all other towns not specifically named in any of the previous classifications. Section 2740, Ky. Statutes, as amended by the act of 1916, being repugnant to its former provisions, by implication repeals such of the former provisions as conflict with those of the act in its amended form.

4.  Statutes—Municipal Corporations—Classification.—The act of 1916 is in no sense violative of section 51, Constitution. The subject expressed in the title has relation to but one thing or matter, viz.: the classification of cities and towns; and as all of its provisions relating to this one subject expressed in the title are germane to and naturally connected therewith, it meets every requirement of section 51, Constitution.

5.  Municipal Corporations—Taxation.—As by the act, supra, London was made a town of the sixth class, it was without power to levy the tax of 75 cents on the $100.00 complained of in this case; for section 3704, subsection 3, Ky. Statutes, enacted to carry out the provisions of section 157, Constitution, prohibits a town of the sixth class to levy a tax in excess of 50 cents on each $100.00 of property subject to taxation. Consequently, it was properly enjoined from collection of the tax of 75 cents on the $100.00 it had levied.

A. A. DYCHS and H. J. JOHNSON for appellant.

S. C. HARDIN and E. H. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

At the suit of the appellees, B. F. Brown, George C. Brock, and Henry C. Hazelwood, resident citizens and taxpayers of the town of London, acting for themselves and in behalf of all other taxpayers thereof, an injunction was granted by the Laurel circuit court, restraining that town and T. J. Johnson, Jr., its tax collector, from collecting for the year 1918, an ad valorem tax in excess of $0.50 on each $100.00 worth of taxable property within its corporate limits. This appeal brings to us for review the judgment granting that relief.

The tax attempted to be collected by the town of London was $0.75 on each $100.00 worth of taxable property and was levied by and under an ordinance passed by its legislative body styling itself "common council," which claimed the right to fix the tax at that rate upon the ground that the municipality is a city of the fourth class, and hence empowered under the Constitution and laws of the state to levy a tax not exceeding that rate. It is, however, alleged in the petition that London is a town of the sixth class and by reason thereof without authority to levy a tax exceeding $0.50 on each $100.00 worth of taxable property within its corporate limits; and such was the conclusion of the circuit court. It is clear from what has been said that the question at issue is to be determined by whether London is a city of the fourth or sixth class.

Constitution, section 156, in providing for the classification of all municipalities in the state declares: "The cities and towns of this commonwealth, for the purposes of their organization and government, shall be divided into six classes. The organization and powers of each class shall be defined and provided for by general laws, so that all municipal corporations of the same class shall possess the same powers and be subject to the same restrictions. To the first class shall belong cities with a population of one hundred thousand or more; to the second class, cities with a population of twenty thousand or more, and less than one hundred thousand; to the third class, cities with a population of eight thousand or more, and less than twenty thousand; to the fourth class, cities and towns with a population of three thousand or more, and less than eight thousand; to the fifth class, cities and towns with a population of one thousand or more, and less than three thousand; to the sixth class, towns with a population of less than one thousand. The general assembly shall assign the cities and towns of the commonwealth to the classes to which they respectively belong, and change assignments made as the population of said cities and towns may increase or decrease, and, in the absence of other satisfactory information as to their population, shall be governed by the last preceding federal census in so doing, but no city or town shall be transferred from one class to another, except in pursuance of a law previously enacted and providing therefor. The general assembly, by a general law, shall pro-

vide how towns may be organized, and enact laws for
the government of such towns until the same are as-
signed to one or the other of the classes above named;
but such assignment shall be made at the first session
of the general assembly after the organization of said
town or city.''

It is clear from the language of the section of the Con-
stitution, *supra,* that to the legislative department of
the state government must be left the exclusive right to
classify the cities and towns thereof and to change the
assignment of a city or town from one class to another.
In considering the extent to which this power may be
exercised by the legislature, Cooley, in his work on Con-
stitutional Limitations (4th Ed.), 225, says: ''From
what examination has been given to this subject, it ap-
pears that whether a statute is constitutional or not is
always a question of power; that is, a question whether
the legislature in the particular case, in respect to the
subject matter of the act, the manner in which its object
is to be accomplished, and in the mode of enacting it,
has kept within the constitutional limits and observed
the constitutional conditions. In any case in which this
question is answered in the affirmative the courts are not
at liberty to inquire into the proper exercise of the
power. They must assume that legislative discretion has
been properly exercised.  If evidence was required it
must be supposed that it was before the legislature when
the act was passed; and if any special finding was re-
quired to warrant the passage of the particular act, it
would seem that the passage of the act might be held
equivalent to such finding.''

The foregoing statement of the rule as announced by
Judge Cooley has been followed in several cases decided
by this court.  Griffin, Mayor, etc. v. Powell, 143 Ky. 276;
Green, etc. v. the Commonwealth, 95 Ky. 233; Common-
wealth v. Chinn, etc., 97 Ky. 730.

It is conceded by the parties to this appeal that by
an act of the legislature, passed in 1914, the town of
London was made a town or city of the fourth class;
and to this class it must be held to still belong, unless it
was by an act of the legislature, passed in the year 1916
(now sections 2740-2741 Ky. Stats.), made a town of the
sixth class.

The act of 1916 referred to is entitled "An act to amend section 2740 and section 2741 of article 1, chapter 89, Ky. Stats., Carroll's revised edition 1915, relating to the classification of cities and towns." So much of the act as it is necessary to here set forth is as follows: "Be it enacted by the general assembly of the commonwealth of Kentucky that section 2740 of the Ky. Stats. (Carroll's revised edition 1915), entitled 'classification of cities and towns,' be amended by striking from the cities of the fourth class the words 'Ashland, Boyd county,' and by inserting the said words in the cities of the third class after the words 'Christian county,' so that when amended and re-enacted the said act shall read as follows." . . . The act then proceeds to indicate what cities and towns named in section 2740 are assigned to the first, second, third, fourth and fifth classes respectively, but does not name the town of London as one of those included in the fourth class: nor indeed is London named in the act by section 2741, which provides: "Sixth class—All other incorporated cities and towns not named in this bill shall belong to the sixth class." It would, therefore, seem to follow that as London is a town of the State not named among the municipalities assigned by the act to the first, second, third, fourth, or fifth class, it was intended to be and is included among all other unnamed towns placed by section 2741 in the sixth class. Two obvious changes are made in section 2740 by the act of 1916, viz.: (1) it takes the city of Ashland from the fourth class and puts it in the third class; (2) it omits from the fourth class, where it theretofore had been placed, the town of London, which omission by virtue of the provisions of section 2741 of the act necessarily put it in the sixth class with all other towns not specifically named in any of the previous classifications.

We do not accept the contention of appellants' counsel that specific mention by the act of the town of London and of its removal from the fourth class of municipalities was essential to such removal. The act relates to the classification of all cities and towns of the State, and the omission of the name of a city or town from every other class as effectually transfers or assigns it to the only class embracing the towns unassigned by name, as if it had expressly named the town and de-

clared its transfer from one to the other class. Section 2740 of the statute, *supra,* as amended by the act of 1916, is repugnant to its former provisions, and therefore, by implication repeals such of the former provisions as conflict with those of the act in its amended form.

The act of 1916 is in no sense violative of section 51, Constitution. The subject expressed in the title has relation to but one thing or matter, viz.: the classification of cities and towns; and as all of its provisions relating to this one subject, expressed in the title, are germane to and naturally connected therewith, it meets every requirement of section 51. Burnsides v. Lincoln County Court, 86 Ky. 423; Mark v. Bloom, 141 Ky. 474; Commonwealth v. Starr, 160 Ky. 260. Moreover, publication in full of the act, as amended, makes it specific enough as to the subject embraced by it, to show for what part of the former act it is substituted, and consequently, what part of the former act it repeals. Commonwealth v. Reinecke Coal Mining Co., 117 Ky. 885.

If we are not mistaken in concluding that London is a town of the sixth class, the further conclusion that it was without power to levy the tax complained of by appellees inevitably follows; for section 3704, subsection 3, Ky. Stats., enacted to carry section 157, Constitution, into effect, declares that the tax rate of cities, towns, counties, taxing districts and other municipalities of less than 1,000 population, that is of the sixth class, for other than school purposes, shall not exceed $0.50 on the $100.00. The limitation as to indebtedness, found in section 157, Constitution, provides that, unless necessary to pay the interest on and create a sinking fund for the extinction of indebtedness contracted before the adoption of the present Constitution, "no county, city, town, taxing district, or other municipality shall be authorized or permitted to become indebted in any manner or for any purpose, to an amount exceeding, in any year, the income or revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void."

As in this case the right of the town of London to levy a tax was limited to $0.50 on each $100.00 of property, in imposing a tax of $0.75 on each $100.00 of prop-

erty it exceeded its powers; hence, the action of the circuit court in enjoining the collection of the tax in excess of $0.50 was not error.

Wherefore, the judgment granting the injunction is affirmed.