## Commonwealth v. Moore.

(Decided March 19, 1920.)

### Appeal from Nelson Circuit Court.

1. Statutes—Subjects and Titles of Acts.—Under section 51 of the Constitution no law enacted by the general assembly shall relate to more than one subject, which shall be expressed in its title. Hence that portion of section 1243, Kentucky Statutes, as amended and re-enacted, beginning with the word "provided" and extending to the end, is violative of that section of the Constitution, since it is not germane to the restricted title of the act.

2. Statutes—Subjects and Titles of Acts.—Where the title of an act indicates that it deals with a general subject only to the extent of repealing or amending certain specified sections of the statutes the act is thereby restricted to that phase or branch of the general subject treated of in the sections of the statutes therein specified.

3.　Statutes—Subjects and Titles of Acts—Amendments.—To have the effect of amending or repealing existing statutes not referred to in its title an act must itself be valid.

CHARLES H. MORRIS, ex-Attorney General, CHARLES I. DAW-SON, Attorney General, and J. LEWIS WILLIAMS for appellant.

OSSO W. STANLEY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The legislature at its 1916 session enacted the following act:

"An act to amend and re-enact section one thousand two hundred and forty-three of Kentucky Statutes relating to offense of petit larceny.

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"Section 1. That section twelve forty-three of the Kentucky Statutes, Carroll's edition of nineteen hundred fifteen, be and the same is hereby amended and re-enacted to read as follows:

"'Section 1243. Petit Larceny—Any person, except a female, who shall steal a hog of less value than four dollars, or be guilty of the larceny of money, goods, chattels, or other property of less value than twenty dollars, shall be punished by confinement in the county jail for not less than one nor more than twelve months; females convicted of petit larceny shall be confined in the county jail for not more than thirty days: Provided, that persons convicted under this section in the police court of any city shall be imprisoned in the city jail or workhouse or other place provided by the city for that purpose. Any person imprisoned under this section shall be required to work at hard labor during the term of his imprisonment. Circuit courts, police courts and justices of the peace shall have jurisdiction of all offenses under this section, and police courts, county courts and justices' courts shall be deemed to be always open for the trial of persons charged with the violation hereof.'"

Thereafter the appellee, A. D. Moore, was arrested, tried and convicted in the Nelson county court of the offense of petit larceny. From that judgment he appealed to the Nelson circuit court, where the prosecution was dimissed upon the ground that the act quoted above, insofar as it attempted to confer jurisdiction upon the

county courts of the offense of petit larceny, was unconstitutional for the reason that the title of the act was insufficient to comply with the provisions of section 51 of the Constitution. This section of the Constitution reads:

"No law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended, or conferred, shall be re-enacted and published at length."

In considering the title of an act very similar to the one here, this court in the recent case of South v. Fish, 181 Ky. 349, held that even though the title indicated that the act dealt with a general subject, yet if it further indicated that it did so only to the extent of repealing or amending certain specified sections of the statute the title restricted the purpose of the act to that phase or branch of the general subject treated of in the sections of the statute therein specified. Section 1243 of the statutes, which the act now under consideration purported to repeal, amend and re-enact, was re-enacted without making any change whatever therein but an effort was made to add thereto all of the new act beginning with and following the word "provided." Section 1243 simply defined the offense of petit larceny and prescribed the penalty therefor. It did not in any manner relate to jurisdiction of courts to try the offense which is regulated and controlled by sections 1093 and 1377 of the statutes and section 13 of the Criminal Code. The new act did not therefore in anywise change or amend section 1243 of the statutes, which the title indicated was its purpose, but did, upon the other hand, attempt to amend two sections of the statutes and one of the Code which were not mentioned in the title, and which treat not of the character of the offense of petit larceny or the penalty for its commission, but rather only of the jurisdiction of courts to try persons accused of the offense. Clearly, therefore, this latter portion of the act treated of a matter not in anywise indicated by the title, or more accurately, it treated of a branch of the general subject of petit larceny entirely different from the branch of the general subject indicated by the title, and so much of the act was, therefore, in violation of section 51 of the Constitution.

Hence the only effect of the new act was to repeal and re-enact section 1243 of the statutes exactly as it had theretofore existed. Such a case is in nowise analogous to one where a *valid* act by necessary implication repeals or amends existing statutes not referred to in the title, which such an act may do and often does, but to have this effect the new act must itself be valid. Board of Penitentiary Commissioners v. Spencer, 159 Ky. 253. Purnell, &c. v. Mann, &c., 105 Ky. 87; Browse v. County Board of Education, 134 Ky. 365; Murphy v. City of Louisville, 114 Ky. 762.

In this case that portion of the new act beginning with the word "provided" is not germane to the restricted title of the act and for that reason is void. Consequently it cannot, as would a valid act, repeal or amend or affect any existing law.

Wherefore the judgment is affirmed.