## Tompkinsville Graded Common School, et al. v. Jackson, et al.

(Decided October 12, 1920.)

Appeal from Monroe Circuit Court

On Motion to Dissolve the Injunction Granted by the Judge of Monroe Circuit Court.

Statutes—Subjects and Titles of Acts—Schools and School Districts.—Chapter 82, Acts of 1920, entitled "An act to amend section 165, Acts 1918 (section 4482, Kentucky Statutes), relating to levying of tax for graded schools," is violative of section 51 of the Constitution, providing that no law shall relate to more than one subject and that shall be expressed in the title.

W. B. SMITH for appellants.

JACKSON & DENHAM for appellees.

Opinion by Judge Sampson—Overruling motion.

The board of trustees of the Tompkinsville graded school at a regular meeting called for the purpose—on June 19, 1920—undertook to levy an *ad valorem* tax of $1.25 on the one hundred dollars' worth of taxable property owned by white citizens and corporations in that school district. After the assessment was made and the board of trustees were about to proceed with the collection of the taxes Jackson and Thompson, two citizens and taxpayers of the district, instituted this proceeding in the Monroe circuit court, praying an injunction against the Tompkinsville graded common school and the members of its board of trustees, and A. S. Palmore, sheriff of the county, as collector of the school tax for the board of trustees, enjoining them and each of them from collecting or having collected any part of the taxes so attempted to be levied in excess of fifty cents on the one hundred dollars of taxable property. Notice that an application would be made before the judge of the Monroe circuit court for an injunction was duly served on the board of trustees and the sheriff, and in pursuance of this notice a hearing was had and an injunction granted by the judge of the court enjoining the defendants and each of them from collecting any part of the taxes so levied in excess of seventy-five cents on the one hundred dollars' worth of taxable property in the district. Twenty days was given the defendants in which to apply to this court for a dissolution or modification of the injunction.

The ground upon which this injunction was sought is the invalidity of the statute under which the board of trustees acted in their attempt to make the *ad valorem* levy of $1.25, which it is charged was erroneous, wrongful and illegal. The petition avers "That chapter 82, Acts of 1920 is unconstitutional under section 51, Kentucky Constitution, its title is misleading and not germane to the subject of the act and confers no power on the plaintiffs to make said levy."

The title of the section of the Acts of 1920 in question reads as follows: "An act to amend section 165, Acts 1918 (section 4482, Kentucky Statutes), relating to levying of tax for graded schools."

The body of the act in so far as it affects this proceeding is as follows:

"That section 165a of section 165 of the common school laws of the state of Kentucky, Acts of 1918 (section 4482, Kentucky Statutes), be amended by striking

out the words twenty-five in line five of section 165a, common school laws of Kentucky, and by inserting in lieu thereof the word fifty, so that when said section is amended it will read as follows:

"The trustees in any graded school district in this state, when it is deemed necessary to raise an amount above that which may be raised by a levy of fifty cents on each one hundred dollars' worth of taxable property and one dollar and fifty cents poll, may levy an additional tax not to exceed seventy-five cents on each one hundred dollars' worth of taxable property in the district, for the purpose of maintaining the schools and erecting and repairing buildings. . . . "

It is the contention of the plaintiffs below that the title of the act does not conform to section 51 of the Constitution, which says: "No law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length." This constitutional provision has been before this court for construction in many actions and proceedings and we have held that a defective title to an act, or one which does not express the subject of the act, or which relates to more than one subject, or is misleading or defective will render the act invalid. Hind v. Rice, 10 Bush 528; Commonwealth v. Barney, 115 Ky. 475; Board of Trustees v. Tate, 155 Ky. 296; Thompson v. Commonwealth, 159 Ky. 8.

The title of the act under consideration is defective and very misleading although the latter part of it wherein it says "relating to levying of tax for graded schools," would appear to be germane to the subject of the act. It declares it is an act to amend section 165a of section 165, Acts of 1918, section 4482, Kentucky Statutes, but there is no section 165 of the Acts of 1918 which relates to the subject of the act and no such section is in fact amended or attempted to be amended, nor does it attempt to amend section 4482, Kentucky Statutes, but it does appear to amend section 4482a, Kentucky Statutes. The Acts of 1918 contain nothing on the subject to which the act in question relates but there is an extended school act in the Acts of 1916, and there is a section in that act No. 165 which relates to the subject, but from the reference given in the act under discussion there is

no way of finding or identifying the section of the act of 1916 which is attempted to be amended.

Our attention has been called to a compilation, "Common School Laws of Kentucky, 1918," and this book has in it sections 165 and 165a, and it appears that this act which is assailed as invalid is an amendment of section 165a in this compilation of the school laws of Kentucky. In these several respects the title is very misleading and if one should follow the direction set forth in the title and body of the act he would never find the act which was attempted to be amended.

The body of the act says that it amends section 165a of section 165, Acts of 1918, by striking out the word "twenty-five" in line five, and inserting in lieu thereof the word "fifty," so that when re-enacted it will read "seventy-five." There is no such word "twenty-five" in line five of the statutes or acts referred to but there is such word in line five of section 165a in the compilation of school laws to which reference has been made. At present it reads: "The trustees in any graded school district . . . may levy an additional tax not to exceed twenty-five cents on each one hundred dollars' worth of taxable property," and according to this amendment the word "twenty-five" in front of the word "cents" is stricken out and in lieu thereof appears the word "fifty," so that the section when re-enacted would read, "The trustees in any graded school district . . . may levy an additional tax not to exceed fifty cents on each one hundred dollars' worth of taxable property," but notwithstanding this statement in the act it reads, "The trustees in any graded school district . . . may levy an additional tax not to exceed seventy-five cents on each one hundred dollars' worth of taxable property."

It should be borne in mind that the booklet to which reference has been made styled "Common School Laws of Kentucky, 1918," is a publication of the educational department of the state, but was never authorized or adopted by the legislature as a compilation of school laws of the state further than by act to allow the superintendent of public instruction to compile and publish such document in aid of his work. From what has been said it will be observed that the title of the act under consideration is altogether misleading and insufficient under section 51 of the Constitution. Aside from this the act itself is very conflicting and uncertain in its terms. The purpose of the constitutional provision No. 51 is to (a) prevent the general assembly from passing

any law relating to more than one subject; (b) require the title of an act to express the subject legislated upon. These rules apply as well to amendments and revisions as to an original enactment, but a title which is so indefinite and so uncertain or misleading as to be reasonably calculated to convey the wrong impression or idea of the subject of the legislation is violative of the constitutional provision and renders the act to which it is the title invalid.

Perhaps there is no section of the Constitution of our state which has been more often considered and discussed by this court than section 51, as is evidenced by the following cases, all relating more or less to the subject under discussion: Town of London Ky. v. Brown, 183 Ky. 63; South, et al. v. Fish, et al., 181 Ky. 349; City of Louisville v. Coulter, 177 Ky. 242; Henderson Traction Co. v. City of Henderson, 178 Ky. 125; Commonwealth v. Moore, 187 Ky. 494, and cases there cited.

It follows that the motion to dissolve the injunction granted by the judge of the Monroe circuit court staying the defendant trustees and the sheriff, as collector, from collecting the taxes attempted to be levied in excess of seventy-five cents on the one hundred dollars' worth of property, must be overruled.

In the consideration of this motion Chief Justice John D. Carroll and Judges Hurt and Settle sat with me, and concurred in the conclusions reached.

Motion to dissolve injunction overruled.