## Commonwealth v. Florence.

(Decided June 24, 1921.)

### Appeal from Nicholas Circuit Court.

1. Statutes—Subjects and Title of Acts.—Where a new and independent act deals comprehensively with a single general subject, and that subject is expressed in the title, section 51 of the Constitution is not infringed by a partial, indefinite and inaccurate reference in the title to the existing laws repealed thereby, or where there is a plurality of subjects expressed in the title, unless misleading.

2. Statutes—Subjects and Titles of Acts.—Such references in the title are material to the validity of the act only when they indicate a purpose of dealing with only certain subdivisions or departments of the general subject and therefore restrict the act to such subdivisions or departments or when they render the title misleading; otherwise they will be treated as surplusage.

3. Statutes—Subjects and Titles of Acts.—It is not necessary that a new, independent and comprehensive act upon a single subject and which expressly repeals all acts and parts of acts inconsistent therewith shall specify in its body or title the provisions of previous laws that are thereby repealed.

4. Statutes—Supplying Omitted Words.—Words inadvertently omitted from a statute will be supplied where the context affords the means of correction so as to effectuate the legislative intent.

5. Statutes—Increase of Penalty—Jurisdiction.—The fact a new act increases the penalty for violations thereof so as to change the jurisdiction from inferior courts as under previous acts to the circuit court without express reference to the question of jurisdiction does not invalidate the act or any part thereof.

CHAS. I. DAWSON, Attorney General, and THOMAS. B. McGREGOR, Assistant Attorney General, for appellant.

No. brief for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellee was indicted for failing and refusing to send a child under his control to school which is made a misdemeanor, punishable by a fine of not less than five dollars by the terms of chapter 43 of the 1920 session acts. A demurrer was sustained to the indictment and the Commonwealth has appealed from the judgment that followed dismissing same.

The indictment follows the language of the act and it is therefore evident that the demurrer was sustained upon the theory that the act is invalid and probably, as suggested in brief for appellant, none being filed for

appellee, because of the belief (1) that the act is violative of section 51 of the Constitution, and (2) that section 2 of the act under which the prosecution is attempted is meaningless.

Section 51 of the Constitution in so far as it is involved provides: "No law enacted by the general assembly shall relate to more than one subject and that shall be expressed in the title."

The title and the portions of the act directly involved read as follows:

"An act repealing subsection 1 of section four thousand five hundred and twenty-one-a (4521a), Kentucky Statutes, Carroll's edition, one thousand nine hundred and fifteen, being the same as section two hundred and thirteen (213) of chapter seventeen (17) of the common school law of one thousand nine hundred and eighteen, and also section two hundred and sixteen (216) of the common school law, one thousand nine hundred and eighteen, and enacting in lieu thereof new provisions relating to the compulsory attendance of pupil children in the common schools of this state.

"*Be it enacted by the General Assembly of the Commonwealth of Kentucky*:

"2. Every parent, guardian or other person residing within the boundaries of any county school district and having the custody, control or supervision of any child or children ( * * * ) to be enrolled in and to attend regularly some common, private or parochial school each school year for the full term of such school, provided that in the case of a private or parochial school the term shall not be for a shorter period in each year than the term of the common school of the district of the child's or children's residence, and that the teacher or teachers and the course of study of such private or parochial school shall have been approved by the state board of education, and that reports of the attendance of all children enrolled in such private or parochial school in the same manner as required of common schools; and provided further, that the provisions of this section shall not apply to any child who is excused by the county board of education upon its being shown to the satisfaction of such board by certificate of the public health officer of the county that such child is not in proper mental or physical condition to attend school; and provided further, that the provisions of this section

shall not apply to any child who has satisfactorily completed the full course of instruction offered by the public schools of the district where he resides.

"5. All acts or parts of acts inconsistent herewith are hereby repealed."

Subsection 1 of section 4521a, Kentucky Statutes, Carroll's edition 1915, which the act by its title professes to repeal had been theretofore repealed, amended and re-enacted by section 213, article 16 of chapter 24 of the Acts of 1916, and very clearly this is one of the provisions referred to in the first part of the title although the references thereto are inaccurate in that section 213 mentioned is in article 16 of the school law of 1916 instead of article 17 of the school law of 1918. The title also professes to repeal section 216 of the common school law of 1918 when what must have been meant was section 216, article 16, chapter 24 of the acts of 1916 after it had been amended by section 2 of chapter 82 of acts of 1918, as can be ascertained by comparison of the new act with the provisions of preceding laws dealing with the subject matter of the later act. Not only so but the whole of section 4521a of Carroll's 1915 edition of the statutes had been repealed, amended and re-enacted by article 16 of chapter 24 of the acts of 1916; and, as again amended by chapter 82 of the acts of 1918, appeared in vol. 3 of the statutes as section 4526c (1-6) when the act here involved was passed at the 1920 session of the legislature.

Hence it must be admitted that the title in so far as it attempts to describe just what previous laws were to be repealed was drawn with surprising lack of care and skill, but this of itself is not necessarily fatal since it is not essential that either the title or the body of a new and independent act upon any subject shall specify previous laws that are repealed thereby. Such references in the title of an act are material to its validity only when they restrict or narrow the more general language of the title by confining it to a subdivision or department of a general subject or are misleading. Recent cases of that kind are South v. Fish, 181 Ky. 349, 205 S. W. 329; Commonwealth v. Moore, 187 Ky. 494, 219 S. W. 786; District Board of Tuberculosis Sanitorium Trustees for Fayette County, etc. v. Bradley, Mayor, etc. 188 Ky. 426, 222 S. W. 518; Thompkinsville Graded Common School v. Jackson, et al., 189 Ky. 253, 224 S. W. 876.

The conditions however in the instant case are very different and this act does not come within that rule. This act does not by its title profess to deal with the subject of compulsory attendance of children at school simply by repealing or amending certain sections of the existing law relating to that general subject but does rather profess to repeal outright certain inaccurately described sections of previous statutes and to enact (in lieu thereof) "new provisions relating to the compulsory attendance of pupil children in the common schools of this state."

It is at once apparent that the expressed purpose to enact new provisions relating to the whole of a general subject could not be restricted or confined to particular subdivisions of that subject by reason of the fact that only the sections which refer to such subdivisions of previous laws were expressly repealed, since a new law upon a general subject repeals by necessary inference all previous laws upon that subject unless a contrary intention is apparent. By the body of this act the legislative intention of enacting a new, independent and comprehensive law upon the subject of compulsory attendance of pupil children in the common schools of this state as is stated in the title rather than to amend previous laws is so plain as to leave no room for doubt, as is also the legislative intent to repeal all sections and parts of sections inconsistent therewith as is expressly stated by section 5 of the act. The body of the act deals comprehensively with the entire subject of compulsory attendance upon school; and that such was the purpose of the act is clearly set forth by the title, which is indefinite and inaccurate only in so far as it attempts to set out the former laws intended to be repealed thereby. However confusing and inaccurate the title may be in its attempt to specify the existing laws to be repealed, the purpose is clearly expressed of enacting entirely new and independent legislation upon the whole subject of compulsory attendance upon schools and this and only this the act does. That such an act would of necessity repeal all previous acts or parts of acts inconsistent therewith whether such an intention was expressed in either the title or the body of the act is thoroughly established law. No one reading the title of the act could possibly have been misled as to the legislative intent to enact new provisions relating to compulsory attendance

of pupil children in the common schools of the state, for this is clearly stated and the fact that he might have been confused as to just what laws would be repealed thereby in no wise affects the validity of the act.

Section 51 like other provisions of the Constitution is mandatory and may not be disregarded by the legislature, but it is also universally recognized that a statute should be so construed as to render it constitutional instead of unconstitutional if this can be done; and the courts will not declare an act unconstitutional unless it is plainly so and in case of doubt will resolve the doubt in favor of its validity. Gardner v. Ray, 154 Ky. 509, 157 S. W. 1147; Flynn v. Barnes, 156 Ky. 498, 161 S. W. 523; Goodpaster, Treasurer v. United States Mortgage Bond Company, 174 Ky. 284, 192 S. W. 35; Dwiggins Wire Fence Company v. Patterson, 166 Ky. 278, 179 S. W. 224; Clay v. Dixie Fire Insurance Company, 168 Ky. 315, 181 S. W. 1123.

Section 51 of the Constitution only provides that the body of an act shall not relate to more than one subject and that that subject shall be expressed in the title; and it is not infringed by an act which treats of a single subject if that subject is expressed in the title even though there is a plurality of subjects expressed in the title unless the title is thereby rendered misleading as to the purpose of the act, since the subject expressed in the title and not embraced in the act will be regarded as surplusage. 25 R. C. L. 863.

In Mt. Vernon-Woodberry Cotton Duck Co. v. Frankfort Marine Acc., etc., Ins. Co., 111 Md. 561, 75 Atl. 105, 134 A. S. R. 636, it was held under a similar constitutional provision that if an act contains in its title a sufficient description of the subject of the act its validity is not affected by the fact that it also proposes in its title to repeal and re-enact and does repeal and re-enact an act the title of which was defective, nor is it dependent in any sense for its validity on the act so repealed and re-enacted. This is in substance the condition of the title here.

We are therefore of the opinion that the title of the act before us is not misleading because of the inaccurate and unnecessary attempt to state therein the previous enactments to be repealed; that so much thereof is surplusage; and that the act should not be declared unconstitutional because of its title.

2. The same want of skill and care as appears in the title reappears in section 2 of the act under which this prosecution is attempted, since there is no verb in the first half of the section, and read literally and by itself it is not clear whether it means that the parents or the children are required to be enrolled in and attend regularly some school. Nor is the age of those required to attend school fixed in this section, but neither of these inaccuracies, plainly due to inadvertent omissions in copying the bill before it was offered or at some stage of its progress through the two houses of the general assembly, is fatal since both may be easily supplied from a consideration of other sections of the act, so as to make this section intelligible and a consistent part of the entire act.

Common sense makes it certain it was the children and not their parents, guardians and custodians that were to be enrolled in and attend school; and section two refers to pupils in the school districts throughout the state, except in cities of the first, second and third and fourth classes, just as the third section refers to school children in such cities, and in precisely the same language except that in section 2 there is omitted the words "between the ages of seven (7) and sixteen (16), shall cause such child or children" employed in section 3 at the place we have indicated above by the insertion of several asterisks. Supplying these words, at the point indicated in section 2, makes it sensible and in accord with the legislative purpose as expressed in section 3, and as indicated by other sections referring to both of these sections as to the maximum age at which children are required to attend school except under special conditions when between the ages of 14 and 16 years they are to be excused.

Our authority as well as our duty under such circumstances to supply words inadvertently omitted but plainly indicated elsewhere in the act to make it intelligible and save it from invalidity is universally recognized. See 25 R. C. L. 978; Neutzel v. Ryans, 184 Ky. 292, 211 S. W. 852; Nichols v. Logan, 184 Ky. 711, 213 S. W. 181, and the many authorities there cited on this question.

3. Still another evidence of careless preparation appears in the section of the act prescribing the penalty for violation thereof by custodians of children of the specified ages which automatically and

necessarily transfers the jurisdiction of such offenses to the circuit courts from the inferior court of the county as under previous acts dealing with this subject, without direct reference to the subject of jurisdiction; but this can not affect the validity of the act, which not only does not profess to amend previous laws on the main subject but on the other hand is enacted as a new and independent law covering the entire subject and expressly repeals all existent laws or parts of laws inconsistent therewith.

So far as we can discover, these are the only grounds upon which the act could be attacked, and being of the opinion that none of them ought to be sustained, it results the court erred in sustaining the demurrer and dismissing the indictment.

Wherefore the judgment is reversed and the cause remanded for further proceedings.